HUNTER PYLE, SBN 191125
CHAD SAUNDERS, SBN 257810
**HUNTER PYLE LAW**
428 Thirteenth Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
hunter@hunterpylelaw.com; csaunders@hunterpylelaw.com

TODD JACKSON, SBN 202598
GENEVIEVE CASEY, SBN 264928
**FEINBERG, JACKSON, WORTHMAN & WASOW**
383 4th Street, Suite 201
Oakland, California 94607
Telephone: (510) 269-7998
todd@feinbergjackson.com; genevieve@feinbergjackson.com

*Attorneys for Plaintiffs and the Putative Class*

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| MARLEY CASTRO and LUCIA MARMOLEJO, <br><br> Plaintiffs, <br><br> vs. <br><br> ABM INDUSTRIES, INC.; ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL SERVICES- NORTHERN CALIFORNIA; ABM ONSITE SERVICES- WEST, INC.; and Does 1-10, inclusive, <br><br> Defendants. | Case No.: RG14745764 <br><br> **SECOND AMENDED COMPLAINT** |

### I. INTRODUCTION

1. This is a class action under California[1] Code of Civil Procedure § 382, brought by Plaintiffs MARLEY CASTRO and LUCIA MARMOLEJO ("Plaintiffs").

2. The class that Plaintiffs seek to represent ("Class") is all California residents who

---

[1] All statutory and regulatory references herein are to California law unless otherwise noted.

- 1 -

Castro, et al. v. ABM Industries, Inc. et al.          CASE NO. RG14745764
Second Amended Complaint

worked for Defendants in the State of California at any time during the period beginning four years prior to the filing of the original complaint through the date of notice to the Class Members that a class has been certified in this action ("Class Period"), who had the Employee Master Job Code Description code Cleaner, and who were paid on an hourly basis.

3. Plaintiffs also seek to represent the following subclasses:

    a. Subclass 1: All California residents who worked for Defendants in the State of California at any time during the Class Period with the Employee Master Job Code Description code Cleaner, were paid on an hourly basis, and who did not work as a building lead, crew lead, foreman, foreperson, lead, lead cleaner, or supervisor.

    b. Subclass 2: All California residents who worked for Defendants in the State of California at any time during the Class Period with the Employee Master Job Code Description code Cleaner, were paid on an hourly basis, and who worked as a building lead, crew lead, foreman, foreperson, lead, lead cleaner, or supervisor.

4. Plaintiffs bring a claim on behalf of all Class and Subclass members ("Class Members") for Defendants' failure to reimburse business expenses under the Labor Code. Plaintiffs also bring a claim under the Private Attorneys General Act, Labor Code § 2698 et seq. ("PAGA"). Defendants fail to reimburse or indemnify Class Members' expenses for use of their own cell phones. Defendants require Class Members to use their personal cell phones for work-related communications throughout their shifts. In certain locations, Defendants require Class Members to use their personal cell phones in order to clock in and out of their shifts, breaks, and meal periods. Defendants have not and do not reimburse employees for the costs of this cell phone usage.

5. At all times relevant hereto. Defendants' unlawful policies and practices were centrally devised and commonly applied to all Class Members.

6. This action seeks payments for reimbursement of business expenses, interest

- 2 -

Castro, et al. v. ABM Industries, Inc. et al.　　　　　　　　　　　　　　CASE NO. RG14745764
Second Amended Complaint

1  thereon, and reasonable attorneys' fees and costs pursuant to Labor Code § 2698 et seq. 2802 and
2  Code of Civil Procedure § 1021.5. Plaintiffs, on behalf of themselves and Class Members, also
3  seek equitable and injunctive relief for these violations pursuant to Business and Professions
4  Code §§ 17200-17208 (also referred to herein as the "UCL").

5    7.   Plaintiffs also seek civil penalties, as described further below, pursuant to PAGA.

## II.   JURISDICTION

8.  Plaintiffs filed the original complaint in this case in the Alameda County Superior Court.

9.  On December 8, 2014, Defendants removed this case to the United States District Court for the Northern District of California. On November 10, 2015, that court remanded this case to the Alameda County Superior Court.

## III. PARTIES

### A. PLAINTIFFS

10. Plaintiffs are former janitorial employees of Defendants who reside in California and were employed as Cleaners (as that term is used in the Employee Master Job Code Description) in California at some time during the Class Period).

11. Plaintiff MARLEY CASTRO is a resident of Oakland, California in Alameda County and has worked as a Cleaner for Defendants since approximately June 2013.

12. Plaintiff LUCIA MARMOLEJO is a resident of San Lorenzo, California in Alameda County and worked as a Cleaner for Defendants since approximately 2006.

### B. DEFENDANTS

13. On information and belief, ABM ONSITE SERVICES—WEST, INC. is a wholly-owned subsidiary of ABM INDUSTRIES, INC. and has employed Class Members in California since approximately December 2013. ABM ONSITE SERVICES—WEST, INC. has its principal place of business in Texas and is incorporated in the State of Delaware.

14. On information and belief, ABM SERVICES, INC. is a wholly-owned subsidiary of ABM INDUSTRIES, INC. and employed Class Members in California prior to December

- 3 -

Castro, et al. v. ABM Industries, Inc. et al.              CASE NO. RG14745764
Second Amended Complaint

2013. It employed Class Members in California from approximately early 2011 until approximately December 2013, when it became ABM ONSITE SERVICES—WEST, INC.

15. On information and belief, ABM JANITORIAL SERVICES—NORTHERN CALIFORNIA, INC. employed Class Members in California until approximately early 2011, when it merged into ABM SERVICES, INC.

16. On information and belief, ABM JANITORIAL SERVICES—SOUTHWEST, INC. employed Class Members in California until approximately early 2011, when it merged into ABM SERVICES, INC.

17. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

18. Plaintiffs are informed and believe that each of the Defendants is liable to Plaintiffs and Class Members as an "employer," as that term is defined in § 18 of the Labor Code. As employers of Plaintiffs and Class Members throughout the Class Period, each Defendant is either solely or jointly and severally liable for the economic damages, including statutory penalties, owed to Plaintiffs and Class Members under common law and by statute.

### IV. STATEMENT OF FACTS

19. During the Class Period, Defendants have employed Plaintiffs and other similarly situated hourly janitorial employees designated as Cleaners at worksites throughout California.

20. Plaintiffs are informed, believe, and thereon allege that, throughout the Class Period, at least 15,000 hourly Cleaners have been employed by Defendants.

21. At all times relevant hereto, Labor Code § 2802 has applied to Plaintiffs, Class

- 4 -

1 | Members, and Defendants.

22. Plaintiffs are informed, believe, and thereon allege that, through common practices, policies, and/or schemes, Defendants, and each of them, have systematically failed to reimburse employees for out-of-pocket expenses for work-related use of their personal cell phones.

23. Defendants regularly require Plaintiffs and Class Members to use their personal cell phones in discharging their duties. For example, Defendants require that Plaintiffs and Class Members use their personal cell phones to request necessary cleaning supplies, to request assistance from each other and their supervisors, to ask questions regarding the scope of their job duties, to receive work instructions, and to report any job-related issues. Further, Defendants regularly call or text message Plaintiffs and Class Members with work-related communications and require that Plaintiff and Class Members respond to those communications.

24. Plaintiffs and Class Members are not permitted to use any on-site telephones belonging to Defendants' customers and clients.

25. Further, Defendants require that Plaintiffs and Class Members who work at locations without time clock systems use their personal cell phones to clock in and out of their shifts, breaks, and meal periods.

## V. CLASS ACTION ALLEGATIONS

26. For the First and Second Causes of Action, but not with respect to the Third Cause of Action under PAGA, Plaintiffs bring this lawsuit as a class action pursuant to Code of Civil Procedure § 382 on behalf of themselves and all similarly situated janitorial employees designated as Cleaners.

27. Plaintiffs seek to represent all California residents who worked for Defendants with the Employee Master Job Code Description code Cleaner, and were paid on an hourly basis in the State of California at any time during the Class Period.

28. The claims herein have been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of

- 5 -

1 | interest among Class Members with respect to the claims asserted herein, and the proposed class
2 | is easily ascertainable:

    a. <u>Ascertainability and Numerosity</u>: The potential members of the Class as defined herein are so numerous that joinder would be impracticable. Plaintiffs are informed, believe, and allege that Defendants have employed thousands of Class Members in California during the Class Period. The names and addresses of Class Members are known to Defendants. Notice may be provided to Class Members using a form of notice similar to those customarily used in class action lawsuits of this nature.

    b. <u>Commonality</u>: There are questions of law and fact common to Plaintiffs and Class Members that predominate any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

        i. Whether Defendants have violated Labor Code § 2802 by failing to reimburse or indemnify employees for business-related expenses, including but not necessarily limited to the costs incurred by using their personal cell phones in the course of performing their work duties;

        ii. What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged; and,

        iii. Other questions of law and fact.

    c. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and all Class Members have sustained injuries-in-fact and damages arising out of and caused by Defendants' common course of unlawful conduct, as alleged herein.

    d. <u>Adequacy of Representation</u>: Plaintiffs are members of the Class that they seek to represent, and will fairly and adequately represent and protect the interests of the Class Members. Counsel representing Plaintiffs are competent and experienced in litigating wage and hour class actions.

    e. <u>Superiority of Class Action</u>: A class action is superior to other available means in

- 6 -

order to obtain fair and efficient adjudication of this controversy. Individual joinder of all putative Class Members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class. Each Class Member has suffered injury and is entitled to recover by reason of Defendants' unlawful policies and/or practices as alleged herein. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Further, the prosecution of separate actions against Defendants by individual proposed Class Members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

## VI. DAMAGES

29.  As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiffs and similarly situated janitorial employees are owed, among other things, reimbursement for business expenses incurred by the work-related use of their personal cell phones under Labor Code § 2802, and other statutory penalties, in an amount that exceeds $25,000 but is less than $5,000,000, the precise amount of which will be proven at trial.

## VII. CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**FAILURE TO INDEMNIFY EMPLOYEES FOR BUSINESS-RELATED EXPENSES**
(Labor Code § 2802)

30.  The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Cleaners employed by Defendants in California.

31.  Labor Code § 2802 provides, in pertinent part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of

- 7 -

the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. […] For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

32. While acting on the direct instruction of Defendants and discharging their work duties, Plaintiffs and Class Members have incurred work-related business expenses, including but not limited to costs of maintaining cell phones and cell phone service plans, for which Defendants have failed to reimburse Plaintiffs and Class Members.

33. By requiring Plaintiffs and Class Members to incur business expenses in direct consequence of the discharge of their duties for Defendants and/or in obedience to Defendants' direction without fully reimbursing or indemnifying employees for these expenses, Defendants have violated Labor Code § 2802.

34. As a direct and proximate result of Defendants' unlawful practices and policies, Plaintiffs and Class Members have suffered monetary losses, and are entitled to restitution of all expenses incurred in the performance of their work duties, interest thereon, reasonable attorneys' fees and costs, and all applicable statutory penalties available for the Defendants' violations of Labor Code § 2802.

35. Plaintiffs, on behalf of themselves and the proposed Class, request reimbursement and/or indemnification for their required business expenses as stated herein, and other relief as described below.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES
### (BUSINESS & PROFESSIONS CODE §§ 17200, et seq.)

36. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated janitorial employees employed by Defendants in California.

37. Defendants' failure to reimburse or indemnify employees for all business

- 8 -

Castro, et al. v. ABM Industries, Inc. et al.                                    CASE NO. RG14745764
Second Amended Complaint

1 expenses incurred, in violation of Labor Code § 2802, constitutes unlawful and/or unfair activities prohibited by Business and Professions Code § 17200. Plaintiffs reserve the right to identify additional unfair and unlawful practices by Defendants as further investigation and discovery warrants.

38. Moreover, Business and Professions Code § 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiffs seek a court order requiring an audit and accounting of work-related cell phone expenses to determine the amount of restitution of all unreimbursed business expenses owed to them and Class Members, according to proof, as well as a determination of the amount of funds to be paid to current and former employees that can be identified and located pursuant to a court order and supervision.

39. Plaintiffs and all proposed Class Members are "persons" within the meaning of Business and Professions Code § 17204 who have suffered injury in fact as a result of Defendants' unfair competition, and who comply with the requirements of Code of Civil Procedure § 382, as set forth above, and therefore have standing to bring this claim for injunctive relief, restitution, and other appropriate equitable relief.

40. As a result of unlawful and/or unfair acts, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiffs and Class Members. Defendants should be enjoined from this activity and made to restore to Plaintiffs and Class Members their necessary business expenses, interest thereon, and related statutory penalties, pursuant to Business and Professions Code §§ 17202 and 17203.

41. Private enforcement of these rights is necessary, as no other agency has raised a claim to protect these workers. There is a financial burden incurred in pursuing this action that would be unjust to place upon Plaintiffs, as the burden of enforcing workforce-wide rights is disproportionately greater than that of enforcing only Plaintiffs' individual claims. Additionally, Plaintiffs and Class Members are low-income workers who cannot afford to spend part of their wages on enforcing others' wage rights. Therefore, it would be against the interests of justice to

- 9 -

Castro, et al. v. ABM Industries, Inc. et al.                                      CASE NO. RG14745764
Second Amended Complaint

1 force payment of attorneys' fees from Plaintiffs' recovery in this action. Therefore, attorneys' fees are appropriately sought pursuant to Code of Civil Procedure §1021.5.

42. Plaintiffs, on behalf of themselves and Class Members, request restitution of unreimbursed businesses expenses, injunctive relief and other relief as described below.

### THIRD CAUSE OF ACTION
### PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT
### (LABOR CODE § 2698 et seq.)

43. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a representative cause of action on behalf of themselves and the above-described Class.

44. Pursuant to Labor Code § 2699.3(a), prior to the filing of the original complaint, Plaintiffs gave written notice by certified mail on November 24, 2014 to Defendants and the Labor Workforce Development Agency ("LWDA") of the factual and legal basis for the labor law violations alleged in this complaint.

45. Plaintiffs are aggrieved employees as defined by Labor Code § 2699(a).

46. Defendants violated the Labor Code § 2802 by failing to indemnify all work-related expenditures.

47. Labor Code § 2699(f) provides as follows: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: "If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

48. The LWDA has not provided notice pursuant to Labor Code § 2699.3(a)(2)(A), and 33 calendar days have passed since the postmark date of Plaintiffs' LWDA notice. Therefore, Plaintiffs are entitled to commence a civil action pursuant to Labor Code § 2699.

49. Plaintiffs request civil penalties against Defendants for violations of the Labor Code, as provided under Labor Code § 2699(f), plus reasonable attorneys' fees and costs, in

- 10 -

amounts to be proved at trial.

## VIII. REQUEST FOR JURY TRIAL

50. Plaintiffs request a trial by jury on behalf of themselves and the above-described Class of similarly situated Cleaners.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the above-described Class of similarly situated Cleaners, request relief as follows:

a. Certification of this action as a class action, pursuant to Code of Civil Procedure § 382;

b. Declaratory judgment that Defendants have knowingly and intentionally violated Labor Code § 2802 for failure to reimburse or indemnify Plaintiffs and the Class for work-related business expenses incurred in carrying out their job duties and/or Defendants' instructions; and Business and Professions Code §§ 17200-17208, by the conduct set forth above.

c. Declaratory judgment that Defendants' violations as described above are unlawful;

d. Injunctive relief requiring an equitable accounting to identify, locate, and restore to all current and former Cleaners the reimbursement for business expenses that are due;

e. An award of damages and/or restitution to be paid by Defendants according to proof;

f. Pre-judgment and post-judgment interest;

g. For an award of civil penalties under Labor Code §§ 2698 et seq.;

h. An award to Plaintiffs and the Class Members of reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure § 1021.5 and Labor Code § 2802, and any other applicable law; and

i. An award to Plaintiffs and Class Members of such other and further relief as this Court deems just and proper.

- 11 -

Castro, et al. v. ABM Industries, Inc. et al.                    CASE NO. RG14745764
Second Amended Complaint

Dated: May 15, 2017

HUNTER PYLE LAW
FEINBERG, JACKSON, WORTHMAN &
WASOW LLP

By: _____
Hunter Pyle

*Attorneys for Plaintiffs and the Putative Class*

- 12 -

Castro, et al. v. ABM Industries, Inc. et al.
Second Amended Complaint

CASE NO. RG14745764