UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARLEY CASTRO, ET AL.,**<br><br>Plaintiffs**,**<br><br>vs.<br><br>**ABM INDUSTRIES, INC., ET AL.,**<br><br>Defendants**.** | CASE NO. 17-cv-03026-YGR<br><br>**ORDER GRANTING IN PART MOTION FOR APPROVAL OF CLASS NOTICE DISTRIBUTION PLAN AND FORM OF NOTICE**<br><br>Re: Dkt. Nos. 86, 87, 89 |

The Court has reviewed plaintiffs' unopposed motion for approval of class notice distribution plan and form of notice (Dkt. No. 86) and joint stipulation in support of that motion (Dkt. No. 87).[1]  The Court finds that the proposed notice, with revisions included herein as Exhibit A, is the best notice practicable under the circumstances.  Moreover, the Court finds that the proposed notice plan is reasonably likely to notify class members of the pendency of this action and of their rights and options.

If parties want to discuss the Court's revisions to the proposed notice, they may do so by telephone conference with the Court at 8:30 a.m. on October 15, 2018 or at a prior, mutually convenient time.  The Court hereby **SETS** a compliance hearing on the Court's **8:30 a.m.** calendar on **Monday, October 15, 2018**, via telephone conference.  By no later than **Monday, October 1, 2018**, the parties shall file a **JOINT STATEMENT** confirming whether the Court's changes are acceptable, or a telephone conference is requested.

---

[1] The Court has reviewed the papers submitted by the parties in connection with plaintiffs' unopposed motion for approval of class notice distribution plana nd form of notice and parties' joint stipulation in support of that motion.  The Court has determined that the motions are appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78.  *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).  Accordingly, the hearing set for October 15, 2018 is **VACATED**.  As the Court has vacated the October 15, 2018 hearing, parties' stipulation to continue that hearing is **DENIED AS MOOT**.

1    Accordingly, the Court **GRANTS IN PART** parties' joint stipulation pursuant to the revisions
2    to the proposed notice articulated Exhibit A, attached here and **GRANTS** plaintiffs' unopposed
3    motion for approval of class notice distribution plan and form of notice.  A redlined editable
4    version will be sent as a courtesy via email to counsel of record.
5    This Order terminates Docket Numbers 86 and 89.
6    **IT IS SO ORDERED.**

8    Dated: September 25, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

# EXHIBIT A
## NOTICE OF CERTIFICATION OF CLASS ACTION

*Castro, et al. v. ABM Industries, Inc. et al.*
United States District Court for the Northern District of California, Case No. 17-cv-3026-YGR

TO:   ALL CLEANERS WHO WORKED FOR ABM IN CALIFORNIA SINCE OCTOBER 24, 2010 WHO HAVE BEEN IDENTIFIED AS A POSSIBLE MEMBER OF A CLASS ACTION FOR NON-REIMBURSEMENT OF CELL PHONE USE.

This class action lawsuit ("the Lawsuit") has been filed by plaintiffs Marley Castro and Lucia Marmolejo ("Plaintiffs") against Defendants ABM Onsite Services – West, Inc., ABM Services, Inc.; ABM Janitorial Services – Northern California; and ABM Janitorial Services – Southwest, Inc. (now all of whom are known as ABM Industry Groups, LLC) ("ABM"). **You have been identified in ABM's records as a possible member of one or more classes in this Lawsuit. Please read this notice carefully. It may affect your rights.**

In the Lawsuit, Plaintiffs allege that ABM failed to reimburse certain janitorial workers—those who have the master job code description of "Cleaner"—for work-related use of their personal cell phones in violation of California law. This Lawsuit **does not** cover all Cleaners employed by ABM in California.  If you received this notice, it is because ABM's records show that you worked as a Cleaner for the companies and locations that are a part of the lawsuit and are possibly a member of one or more of the classes certified in this Lawsuit. ABM denies Plaintiffs' allegations and contends that it has complied with California law.

The Court has no opinion on the merits of the claims or defenses asserted by either side in this Lawsuit. The purpose of this notice to help you understand the Lawsuit so you can make an informed decision as to whether you should remain in or opt out of the Lawsuit.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | If you are found to be a class member, then you will automatically participate.  Any claims you may have against ABM arising from matters alleged in this case will be decided in this Lawsuit. You will not be able to bring your claims in a separate lawsuit. |
| **ASK TO BE EXCLUDED ("OPT OUT")** | Follow the process noted at page 4, section 4, below to ask to be excluded, and not bound by any judgment in the Lawsuit. You will be free to sue ABM separately over the claims alleged in this case, but you will not be entitled to any money that may be recovered in this Lawsuit. |

1

# GENERAL INFORMATION

### 1. Why Did I Get This Notice?

A class action Lawsuit against ABM is now pending in the United States District Court for the Northern District of California (the "Court") before the Honorable Yvonne Gonzalez Rogers.

On Jan. 26, 2018, the Court certified three classes as follows:

(1) **EPAY Class**: All employees who were, are, or will be employed by ABM in the State of California with the Employee Master Job Code Description code Cleaner, who used a personal cell phone to punch in and out of the EPAY system and who (a) worked at an ABM facility which did not contain biometric clock, and were (b) not offered an ABM-provided cell phone during the period beginning on January 1, 2012, through the date of notice to the Class Members that a class has been certified in this action.

(2) **Suspicious Incidents Class**: All employees who were, are, or will be employed by ABM in the State of California with the Employee Master Job Code Description code Cleaner who used a personal cell phone to report unusual or suspicious circumstances to supervisors and were not offered an (a) ABM-provided cell phones or (b) two-way radio during the period beginning four years prior to the filing of the original complaint, October 24, 2014, through the date of notice to the Class Members that a class has been certified in this action.

(3) **Supervisor Communications Class**: All employees who were, are, or will be employed by ABM in the State of California with the Employee Master Job Code Description code Cleaner who used a personal cell phone to respond to communications from supervisors and were not offered an (a) ABM-provided cell phones or (b) two-way radio during the period beginning four years prior to the filing of the original complaint, October 24, 2014, through the date of notice to the Class Members that a class has been certified in this action.

On May 14, 2018, the Court ruled that the EPAY Class, the Suspicious Incidents Class, and the Supervisor Communications Class **shall each exclude certain claims by those Cleaners who are subject to a collective bargaining agreement ("CBA")** which contains an operative arbitration clause, to the extent those claims arose after the effective date of the relevant CBA. The relevant CBAs are as follows:

(1) The San Diego and Imperial Counties Maintenance Contractors Agreement by and between ABM Industry Groups, LLC and SEIU United Service Workers West, CTW of San Diego California, effective June 1, 2016;

(2) The Los Angeles/Orange County Maintenance Contractors Agreement by and between ABM Industry Groups, LLC and SEIU United Service Workers West, effective May 1, 2016; and

(3) The Northern California Maintenance Contractors Agreement by and between ABM Industry Groups, LLC and the SEIU United Service Workers West, effective May 1, 2016.

According to ABM's records, you may be a member of one or more of the classes. This notice is to inform you of the Lawsuit and your rights, so you can make an informed decision as to whether you should remain in the Lawsuit or exclude yourself.

| 2. What Is This Lawsuit About? |
|---|

In the Lawsuit, Plaintiffs allege that ABM failed to reimburse certain janitorial workers—those who have the master job code description of "Cleaner"— for work-related use of their personal cell phones in violation of California law. ABM denies Plaintiffs' allegations and contends that it has complied with California applicable law.

## YOUR RIGHTS AS A CLASS MEMBER

Whether you should remain in the Lawsuit is up to you. The Court expresses no opinion on whether you should or should not remain in the Lawsuit.

| 3. What Do I Need to Do to Remain in This Lawsuit? |
|---|

If you want to remain in the Lawsuit, YOU DO NOT NEED TO DO ANYTHING. If you remain in the Lawsuit as a member of one or more of the classes, any claims you may have against ABM arising from matters alleged in this case will be decided in this Lawsuit. You will not be able to present the claims in another Lawsuit.

If you decide to participate in the Lawsuit and wish to assist the Parties in evaluating the claims alleged in this Lawsuit, you can—but do not have to—text the word "ABM" to [insert number] from your personal cell phone. By texting this number from your personal cell phone, you agree that (a) attorneys for the Plaintiffs can contact you through your personal cell phone number about the Lawsuit, and (b) the Parties can use your personal cell phone number to evaluate the claims alleged in this Lawsuit.

| 4. What Do I Need to Do If I Want to Exclude Myself from the Lawsuit? |
|---|

If you do not want to be part of this Lawsuit, you must send a letter to the Claims Administrator via First Class U.S. Mail, or the equivalent, stating that you wish to exclude yourself from *Castro v. ABM*. The letter must provide your name, address, telephone number, and signature. It must be postmarked no later than [*60 days following notice mailing*] and mailed to the Claims Administrator:

[CLAIMS ADMINISTRATOR'S ADDRESS]

If you request to be excluded from the Lawsuit, you will not be bound by any judgment in the Lawsuit, you will not be entitled to any money that may be recovered in the Lawsuit, and you will be free to pursue any legal claims you may have against ABM by filing your own lawsuit. If you timely submit a request to be excluded, you will have no further role in the Lawsuit, and for all purposes, you will be regarded as if you were never a party to this Lawsuit.

## THE LAWYERS REPRESENTING THE CLASSES

The Court decided that the lawyers representing the Plaintiffs and the Classes are qualified to represent you and all Class Members. These lawyers are called Class Counsel and they are:

| | |
|---|---|
| Todd Jackson (SBN 202598) | Hunter Pyle (SBN 191125) |
| Catha Worthman (SBN 230399) | Chad Saunders (SBN 257810) |
| Genevieve Casey (SBN 264928) | HUNTER PYLE LAW |
| FEINBERG, JACKSON, WORTHMAN & WASOW | 428 Thirteenth Street, 11th Floor |
| 2030 Addison St., Ste. 500 | Oakland, CA 94612 |
| Berkeley, CA 94704 | Telephone: 510-444-4400 |
| | hunter@hunterpylelaw.com |

Telephone: 510-269-7998             csaunders@hunterpylelaw.com
todd@feinbergjackson.com
catha@feinbergjackson.com
genevieve@feinbergjackson.com

More information about these law firms and the lawyers' practices and experience is available at http://feinbergjackson.com and http://hunterpylelaw.com.

Do not contact the Court about this notice or the Lawsuit. If you have any questions about the notice or the Lawsuit, contact Class Counsel at the phone numbers or email addresses listed above.

## IF YOUR CONTACT INFORMATION CHANGES

If you move or change your mailing address after receiving this notice, or if it was sent to the wrong address, you should contact Class Counsel using the contact information listed above and provide them with your updated contact information. You can also provide it to the Claims Administrator in this case by contacting **[INSERT NAME AND PHONE NUMBER FOR ADMINISTRATOR]**.

## GETTING MORE INFORMATION

If you have questions about this notice or the Lawsuit, contact Class Counsel listed above.

The pleadings and all other records of this litigation may be examined and copied at any time during regular office hours in the office of the Clerk at the address listed below.

THE CLERK OF THE COURT
United States District Court
Northern District of California
1301 Clay Street
Oakland, CA 94612

**PLEASE DO NOT TELEPHONE THE COURT OR ABM'S LAWYERS FOR MORE INFORMATION ABOUT THIS LAWSUIT.** If you have questions about the Lawsuit, contact Class Counsel using the contact information listed on page 4.

Dated: **[INSERT]**